UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTOR O.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case # 23-CV-500-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff Victor O. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

## BACKGROUND

In March 2020, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 309. He alleged disability since February 1, 2020. Tr. 309. The applications were denied on September 3, 2020, and upon reconsideration on March 12, 2020. Tr. 26. On November 15, 2021, Administrative Law Judge William Weir ("the ALJ") held a hearing. Tr. 46–81. The

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

ALJ issued a decision finding that Plaintiff was not disabled on May 18, 2022. Tr. 23–45. On April 11, 2023, the Appeals Council denied Plaintiff's request for review. Tr. 5. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

The scope of this Court's review of the ALJ's decision denying benefits to Plaintiff is limited. It is not the function of the Court to determine *de novo* whether Plaintiff is disabled. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. *Acierno v. Barnhart*, 475 F.3d 77, 80–81 (2d Cir. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault*, 683 F.3d at 447–48 (internal citation and quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, he found that Plaintiff had not engaged in substantial gainful activity since February 1, 2020. Tr. 28. At step two, he found that Plaintiff had severe impairments of degenerative joint disease of the shoulders, degenerative disc disease, and degenerative joint disease of the knees. Tr. 29. At

step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 32.

Next, the ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that Plaintiff (1) can lift and carry up to 10 pounds but not for more than five minutes at a time; (2) can sit for two hours before needing to stand or walk; (3) cannot work above shoulder level; (4) is unable to reach up or to the side; (5) can only occasionally reach with the dominant right upper extremity; and (6) would need to don a headset in the morning and doff the headset in the evening Tr. 32. At step four, the ALJ determined that Plaintiff is capable of performing past relevant work as a Telephone Answering Service Operator. Tr. 37. In the alternative, the ALJ continued to step five and found that there are other jobs that exist in significant numbers in the national economy that the claimant also can perform, considering the claimant's age, education, work experience, and residual functional capacity. Tr. 37. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 38.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ included a highly specific limitation in the RFC—that Plaintiff could sit for two hours before needing to stand and walk—but failed to explain where that limitation came from or how he came to this exact time frame. ECF No. 8-1 at 8. Plaintiff further argues that as a result of the ALJ's failure to provide such an explanation, the Court is left without the ability to meaningfully review this limitation. *Id.*

It is well-settled that an ALJ's reasoning "must be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Moss v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020). If the ALJ does not explicitly articulate, or a reviewing court cannot otherwise discern, how the ALJ arrived at particular restrictions, it raises the specter

that the ALJ either cherry-picked the evidence to justify a pre-ordained conclusion, or interpreted the medical evidence based on his own lay judgment—both of which constitute error. *See, e.g.*, *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) ("Reviewing courts decry administrative 'cherry picking' of relevant evidence."); *Agostino v. Comm'r of Soc. Sec.*, No. 18-CV-1391, 2020 WL 95421, at *3 (W.D.N.Y. Jan. 8, 2020) ("[A]n ALJ's ability to make inferences about the functional limitations that an impairment poses does not extend beyond that of an ordinary layperson. While an ALJ may render common sense judgments about functional capacity, she must avoid the temptation to play doctor." (internal quotation marks and brackets omitted)). Put simply, the ALJ must tether the restrictions in the RFC to competent evidence and must provide a sufficient explanation to ensure "meaningful judicial review." *Moss*, 2020 WL 896561, at *3.

Here, the ALJ's decision does not meet these standards. The only mention of standing or sitting in the ALJ's decision is the ALJ's discussion of the opinion of consultative examiner Dr. Lee, in which Dr. Lee opined that Plaintiff had moderate limitations in prolonged sitting and prolonged standing. Tr. 35–36. Nowhere else does the ALJ mention sitting or standing, let alone discuss how he reached the specific sit/stand limitation in the RFC. While an ALJ's analysis need not be fully explicit in every detail, the Court needs to be able to at least "glean the ALJ's rationale from the record." *Dyana G. v. Comm'r of Soc. Sec.*, No. 19-CV-805, 2021 WL 465249, at *3 (W.D.N.Y. Feb. 9, 2021). In this case, the Court cannot reasonably discern a rationale for the ALJ's highly specific limitation because the ALJ does not discuss it at all. Given the absence of reasoned explanation for the sit/stand limitation, remand for further proceedings is warranted. *See Vance W. v. Comm'r of Soc. Sec.*, No. 20-CV-698, 2021 WL 3239887, at *3 (W.D.N.Y. July 30, 2021) (holding that remand was warranted because the ALJ "nowhere mentions, let alone discusses, the sit/stand limitation"); *Marie C. v. Comm'r of Soc. Sec.*, No. 23-CV-6153, 2026 WL 380383, at *4

(W.D.N.Y. Feb. 11, 2026) (holding that remand was warranted because the ALJ "erred in formulating a specific sit/stand limitation without explaining where, if anywhere, that limitation came from").[4]

**CONCLUSION**

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 15, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

[4] While Plaintiff argues that remand is also warranted for other reasons, because the Court agrees that remand is warranted on this basis, it need not address Plaintiff's other arguments.